UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT E. MORGAN                                           CIVIL ACTION NO. 09-CV–00645

VERSUS

SCOTT GREGORY LYONS                                     JUDGE S. MAURICE HICKS

MEMORANDUM RULING

Before the Court is Plaintiff Robert E. Morgan Jr.'s ("Morgan") *Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment*.[1] For the reasons stated herein, Plaintiff's Motion is **Denied**.

BACKGROUND

Morgan and Defendant Scott Gregory Lyons ("Lyons") are the sole owners of Fitness Twenty-Four, L.L.C. ("Fitness"). They executed the Fitness Operating Agreement on December 1, 2006 ("Agreement"). The Agreement has two provisions which are relevant here. First, the Agreement has a provision entitled "Restriction of Sale or Transfer" which in essence requires an owner who wishes to sell to a third party to give his fellow owners the right of first refusal. Second, the Agreement has a provision entitled "Right to Tender Membership Interest" which states the following:

> 20.1 <u>General</u>. At any time after two (2) years from the Effective Date of this Agreement, any Member (the "Offering Member") may tender his Membership Interest for purchase by the other Member by notifying the other Member (the "Non-Offering Member") in writing, of such intention. The Offering Member shall include in such notice its valuation of its

---

[1] We treat this as a Motion for Summary Judgment but note that the result would be the same under a Motion for Judgment on the Pleadings.

> Membership Interest.  The Non-Offering Members shall have the exclusive right, privilege, and option for a period of thirty (30) days following receipt of the written notice to either (i) elect to purchase all of Membership Interest of the Offering Member for the price set forth by the Offering Member in such notice; (ii) elect to sell all of Membership Interest for the same proportionate price set forth by the Offering Member . . . ; or (iii) make no election. . . .

The paragraphs which follow allow for "reversions" in the event of the Non-Offering Member not electing.  These reversions give the Offering Member and Non-Offering Member in rotating turns periods of time where they have the right to <u>purchase</u> the other Member's Interest.  Each rotation results in the purchase price declining by five percent per reversion.

In a letter signed March 11, 2009, Lyons tendered his Membership Interest to Morgan.  Morgan responded in a April 1, 2009 letter by choosing option (ii) under the contract which Morgan interpreted to allow him to force Lyons to purchase Morgan's Membership Interest on the same terms Morgan offered his own Membership Interest.  Lyons did not accept Morgan's interpretation of the clause nor the offer to sell by Morgan.  Morgan has filed the instant suit to force Lyons to buy Morgan's Membership Interest in Fitness.

Morgan argues in the instant motion that (1) the contract is not ambiguous and (2) that it unambiguously requires Lyons to purchase his interest in Fitness.

## LAW AND ANALYSIS

A. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.  Because this is a diversity case, we

will apply Louisiana substantive law and Federal procedural law.  See Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008).

B. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002).  If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

C. The Contract

Whether or not a contract is ambiguous is a question of law.[2]  Derbes v. GBS

---

[2]Here, neither party argues that the contract should be construed against the other due to authorship.  Under Louisiana law, where a contract is ambiguous, the ambiguous provision "must be interpreted against the party who furnished its text."  LSA - C.CC. Art. 2056.  Here, there is no indication of who furnished the ambiguous portion of the contract.  Therefore, this Court assumes for the purpose of this motion that the contract was co-authored.

Props, LLC, 902 So.2d 1109, 1111-12 (La. 2005).  If the contract is deemed ambiguous by the court then it becomes an issue of fact for the jury.  See Kuswa & Assoc. Inc. v. Thibaut Construction Co., 463 So.2d 1264, 1266 (La. 1985); United Investors Life Ins. Co. v. Alexander,662 So.2d 831, 834 (La.App. 2 Cir. 1995).

  Here, Plaintiff urges that the contract is not ambiguous but rather is a standard buy/sell clause found in many ownership agreements.  To support his argument, Plaintiff cites many cases where courts have enforced buy/sell clauses he claims are identical to the one at issue here.  However, in the majority of those cases, the option to require the tendering owner to buy the non-moving owner's interest was explicit.  See Valinote v. Ballis, 295 F.3d 666, 667 (7th Cir. 2002) (interpreting a clause which stated "elect either to purchase the Electing Member's interest in the Company or the sell to the Electing Member the Notified Member's interest in the company") (emphasis added); Access Equipment Sys., Inc. V. Intervect USA, Inc., 197 Fed. Appx. 837 (11th Cir. 2006) (unpublished) (interpreting a clause which stated "buy all of such Offeree's Interest or sell all of such Offeror's Interest to the Offeree") (emphasis added)  Here, there is no indication to whom the non-moving owner has the right to sell his shares.  It is a reasonable interpretation that a choice to sell would then trigger a right of the tendering owner to choose one of the three listed options in the clause.  Another interpretation might allow the owners to sell their shares together at the specified rate in order to avoid an outside party from taking advantage of the non-moving owner.  The clause cannot be clarified by the title since it is not entitled as a "Buy/Sell" clause but rather as a Right to Tender Membership Interest.  Further, the fact that the reversions only allow the parties to force the other party to sell not buy the shares lends additional

ambiguity to the interpretation.

## CONCLUSION

Thus, because the contract is ambiguous as to the meaning of the Right to Tender Membership Clause an issue of fact remains and the instant Motion for Summary Judgment is **DENIED**.

Thus done and signed in Shreveport, Louisiana, this 21st day of December, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE